JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Federico Jose Francisco

**DEFENDANTS**
USCIS, Kristi Noem in her official capacity as Secretary of Homeland Security, Rose M. Kendrick, in her official capacity of USCIS Field Director

**(b)** County of Residence of First Listed Plaintiff: Salt Lake County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Prince George
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alec Bracken, Contigo Law, PO Box 249, Midvale, UT 84047, 801-980-9430

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. § 701
Brief description of cause:
Challenging the denail of an SIJ petition from USCIS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/21/2025
SIGNATURE OF ATTORNEY OF RECORD: /S/ ALEC S. BRACKEN

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

ALEC S. BRACKEN (USBN 17178)
CONTIGO LAW
P.O. Box 249
Midvale, UT 84047
Phone: 801-980-9430
Email: alec@contigo.law
Attorney for Plaintiff

UNITED STATES+ DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Federico Jose Francisco,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,<br><br>ROSE M. KENDRICK, in her official capacity as the acting Director of the National Benefits Center of U.S. Citizenship and Immigration Services,<br><br>Defendants | Civil No.: 2:25-cv-829<br><br>COMPLAINT FOR DECLARATORY RELIEF UNDER THE APA |

## TABLE OF CONTENTS

TABLE OF EXHIBITS………………………………………………………………………………..ii

INTRODUCTION……………………………………………………………………………………..1

JURISDICTION AND VENUE…....………………………………………………………………….3

PARTIES………………………………………………………………………………………….....3

      PLAINTIFFS……………………………………………………………………………….3

      DEFENDANTS……………………………………………………………………………..4

STATUTORY AND REGULATORY FRAMEWORK..……………………………………………..4

    **I.**      Statutory and Regulatory Framework for SIJ Adjudications……………………………..4

    **II.**     Defendants' Mandatory Duty to Adjudicate Plaintiff's Visa Application…………………7

STATEMENT OF FACTS…………………………………………………………………………….7

CLAIMS FOR RELIEF…………………………………………………………………...…………..8

      COUNT ONE: …………………………………………………….…………………….8

      COUNT TWO…………………………………………………………………………...10

RESERVATION OF RIGHTS…………………………………………………………………….11

REQUEST FOR RELIEF…………………………………………………………………………..11

**TABLE OF EXHIBITS**

EXHIBIT 1……………………………………..………………………….Juvenile Court Order

EXHIBIT 2…………………………………………………………………….SIJ Petition Denial

EXHIBIT 3……………………………………………………………Plaintiff's Birth Certificate

EXHIBIT 4……………………………………………………………………I-360 Receipt Notice

EXHIBIT 5……………………………………...…………………………….State Court Petition

EXHIBIT 6……………………………………...…………………………..Request for Evidence

EXHIBIT 7..……………………………….…..……………………….Motion to Reopen and Reconsider

EXHIBIT 8......………………………………….……………………………………….Filed I-360

EXHIBIT 9………………Evidence of Legislative Intent for Petition for At Risk Non-Citizen Youth

EXHIBIT 10..……………………………………………………………....…….RFE Response

ii

## INTRODUCTION

1. Plaintiff is a Guatemalan national living in the United States. Plaintiff, by and through the undersigned counsel, respectfully brings this Complaint for Declaratory relief to compel Defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, and ROSE M. KENDRICK, in her official capacity as the acting Director of the National Benefits Center of U.S. Citizenship and Immigration Services to approve Plaintiff's I-360 application for Special Immigrant Juvenile Status because Defendants' interpretation of INA § 101(a)(27)(J) is inconsistent with the statute.

2. INA § 101(a)(27)(J) identifies a special immigrant as one who is present in the United States, who has been declared a dependent on a juvenile court located in the United States, for whom it has been determined that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality, and in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status.

3. On September 6, 2011, Janet Napolitano, then Secretary of the Department of Homeland Security ("DHS") published a proposed rule, *Special Immigrant Juvenile Petitions,* 76 FR 54978 (Sept. 6, 2011) ("proposed rule"). On October 16, 2019, then purported Secretary of DHS, Kevin McAleenan re-opened the comment period of the proposed rule for thirty days. *Special Immigrant Juvenile Petitions*, 84 FR 55250 (Oct. 16, 2019). On March 8, 2022, then Secretary of DHS, Alejandro Mayorkas, Published a final rule, *Special Immigrant Juvenile Petitions*, 87 FR 13111 (Mar. 8, 2022) ("final rule").

4. This final rule, found in 8 C.F.R. 204.11(b)(1) establishes further requirements for special immigrant juvenile status, specifically, that relief from parental abuse, neglect, abandonment, or a similar basis under State law be granted or recognized by the Juvenile Court. The regulations state that

such relief may be, but does not need necessarily include, a court-ordered custodial placement or court ordered dependency.

5. In *Loper Bright Enterprises*, the U.S. Supreme Court determined that agencies are no longer entitled to extreme deference when a statute is ambiguous. *Loper Bright Enterprises v. Raimondo*, 603 U.S. __ (2024). Instead, an agency's interpretation must have a power to persuade. *Id*. 8 C.F.R. 204.11(b)(1) only requires that relief from further abuse, abandonment, or neglect be granted, and gives a non-exhaustive list of possible relief that may be granted. The regulations specifically state that it may be a "similar basis under State law." *Id*.

6. Plaintiff is physically present in the United States, has been declared to be a dependent of a juvenile court within the United States, and it has been determined that it is not in his best interest to return to his country of origin. Ex. 1. The State court granted the Petition for At Risk Non-Citizen Youth, a petition created by the State of Utah for the purpose of assisting at risk non-citizen youth in the State of Utah for the purpose of relieving non-citizen children of further abuse, abandonment, or neglect. Ex. 9.

7. Because Plaintiff was over the age of eighteen, there was no need for the Juvenile Court to appoint a legal guardian for Plaintiff, even though Plaintiff remained subject to the court's jurisdiction. Despite the State of Utah designating the petition for at risk non-citizen youth as relief to avoid further abuse, abandonment, or neglect, USCIS found that, because no guardian had been appointed, that Plaintiff was ineligible for a special immigrant juvenile visa.

8. Plaintiff turns to the Court seeking an order to compel the Defendants and those acting under them to approve Plaintiff's petition for special immigrant juvenile status.

9. Plaintiff is physically present in the United States and has been since December of 2015. On September 26, 2024, Plaintiff was declared a dependent of the Third District Juvenile Court for the

2

State of Utah. In the juvenile court's order, the court determined that it was not in Plaintiff's best interest to return to his country of nationality. Ex. 1.

10. On October 2, 2024, Plaintiff applied for Special Immigrant Juvenile Status with USCIS. Ex. 4. On October 3, 2024, Plaintiff turned twenty-one years old. Ex. 3. On January 21, 2025, USCIS issued a request for evidence. Ex. 6. On April 17, 2025, USCIS denied Plaintiff's SIJ application. Ex. 2.

## JURISDICTION AND VENUE

11. This case arises under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et. seq. The Court has subject matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction). This Court has authority to grant relief under the Declaratory Judgment Act (28 U.S.C. § 2201) and the APA, 5 U.S.C. § 702.

12. Pursuant to 28 U.S.C. § 1391(e), venue is proper in this district on the following grounds: this is a civil action in which (1) Defendants are officers of the United States acting in their official capacity or an agency of the United States; (2) Plaintiff resides in West Valley, Utah, in Salt Lake County, and within the Utah judicial district; and (3) a substantial part of the acts or omissions giving rise to the claim occurred in this judicial district. Therefore, venue is proper in the Utah District Court.

## PARTIES

### PLAINTIFF

13. Plaintiff is a Guatemalan citizen who came to the United States in December of 2015, when he was twelve years old. Ex. 5. Plaintiff was abandoned by his father when he was four years old. Ex. 5. On September 26, 2024, a juvenile court found Plaintiff to be a dependent of the juvenile court and found that it was not in his best interest to return to Guatemala. Ex. 1. On October 2, 2024, USCIS

3

received Plaintiff's I-360 application for a SIJ visa. Ex. 4. On April 17, 2025, USCIS denied Plaintiff's petition for SIJ status. Ex. 2.

**DEFENDANTS**

14. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is the agency that approves I-360 SIJ petitions. It is the agency that denied Plaintiff's initial petition.

15. Defendant KRISTI NOEM (Secretary Noem) is the Secretary of the Department of Homeland Security, the parent agency of USCIS which approves I-360 SIJ petitions. As such, Secretary Noem has a supervisory responsibility over USCIS, and the issuance of the SIJ visa. Secretary Noem is sued in her official capacity.

16. ROSE M. KENDRICK (Director Robinson) is the Director of the National Benefits Center of U.S. Citizenship and Immigration Services. The National Benefits Center is the office that has responsibility over adjudication of I-360 applications, as such, Director Robinson had a supervisory role over the adjudication of Plaintiff's petition. Director Robinson is sued in her official capacity.

**STATUTORY AND REGULATORY FRAMEWORK**

I.     Statutory and Regulatory Framework for SIJ Adjudications

17. In 1952, Congress enacted the INA and has amended it several times since.

18. The INA Amendments of 1965 (P.L. 89-236), enacted during a period of broad social reform, eliminated the national origins quota system, which was widely viewed as discriminatory. In 1990, Congress passed the Immigration Act of 1990. Pub. L. 101-649.

19. The INA established a complex system of immigrant visa availability to classes of foreign nationals. Congress's chief goals in writing the INA were reunifying families, admitting skilled immigrants, protecting humanitarian interests, and promoting diversity. *See, e.g., Solis- Espinoza v. Gonzales*, 401 F.3d 1090, 1094 (9th Cir. 2005), (emphasis added).

20. In 1990, Congress enacted the Immigration Act which created the Special Immigrant Juvenile (SIJ) classification. 104 Stat. 4978. The INA authorizes the Secretary of the Department of Homeland Security to issue a special immigrant juvenile visa for those who meet the definition of a special juvenile immigrant pursuant to 8 U.S.C. 1101(a)(27)(J).

21. To meet the definition, an immigrant must:

(1) be declared a dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or a department of a State, or an individual entity appointed by a State or juvenile court located in the United States and whose reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis under State law;

(2) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interests to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(3) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status.

*Id*.

22. USCIS has designated the form I-360 as the form required for the adjudication of an SIJ petition. 8 CFR 204.11(a). In regulatory interpretation of 8 U.S.C. 1101(a)(27)(J), USCIS created the following eligibility requirements for SIJ classification:

(1) the applicant must be under the age of 21 at the time of filing the application;

(2) the applicant must be unmarried at the time of adjudication;

(3) the applicant must be physically present in the United States;

(4) the applicant must be subject to a juvenile court order that meets the following qualifications:

(i) the juvenile court must, according to the governing state law, declare the petitioner dependent upon the juvenile court, or legally committed to or placed the petitioner under the custody of an agency or department of state.

(ii) the juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law.

(5) the applicant must obtain consent of the Secretary of Homeland Security. To obtain consent, it must be shown that relief from parental abuse, neglect, abandonment, or a similar basis under State law granted or recognized by the juvenile court has been granted. Such relief may include, but is not limited to:

(i) The court-ordered custodial placement; or

(ii) The court-ordered dependency on the court for the provision of child welfare services and/or other court-ordered or court-recognized protective or remedial relief, including recognition of the petitioner's placement in the custody of the Department of Health and Human Services, Office of Refugee Resettlement.

8 CFR 204.11.

23. On May 3, 2023, the State of Utah created a specific petition for immigrants seeking a special immigrant juvenile visa. Utah Code Ann. §80-3-505(1)(b). This legislation, created a specific petition with the purpose of assisting at risk non-citizen youth who have been abused, abandoned, or neglected. The purpose of the petition was to help children to avoid further abuse and abandonment through the granting of the petition. Ex. 9.

II.  **Defendants' Mandatory Duty to Adjudicate Plaintiff's Visa Application**

24. Congress mandates that "[e]very alien applying for classification as a special immigrant juvenile…shall submit to the Secretary of Homeland Security evidence that is relevant to the adjudication of their petition, including but not limited to documents such as a court order indicating the juvenile's eligibility for SIJ classification, a copy of any relevant custody order, a certified copy of the juvenile's birth certificate, and any other documentation as may be required by the Secretary." 8 U.S.C. § 1101(a)(27)(J).

25. Defendants have a statutory duty to adjudicate Plaintiff's SIJ petitions within a reasonable time. 8 U.S.C. § 1232(d)(2). The Immigration and Nationality Act (INA), its implementing regulations, and pre-existing USCIS policies under the Adjudicator's Field Manual (AFM) all mandate timely adjudication of SIJ petitions. *See* 8 U.S.C. § 1154 (governing the petition process for special immigrants).

## STATEMENT OF FACTS

26. The Plaintiff entered the United States in December of 2015. Ex. 5. When the Plaintiff entered the United States, he was twelve years old. Ex. 3. Plaintiff's date of birth is October 3, 2003. *Id*. Plaintiff is a native and citizen of Guatemala. *Id, see also* Ex. 5. Plaintiff's father abandoned him when he was only four years old. Ex. 5 at 2. On August 9, 2023, a petition for Special Findings for At Risk Non-Citizen Youth was filed with the Third District Juvenile Court in Salt Lake County, Utah. *Id*. On September 26, 2024, the Third District Juvenile Court granted Plaintiff's petition for special findings. Ex. 1. In the order, the specific findings were made:

1. Plaintiff was neglected and abandoned by his father;

2. Plaintiff was within the jurisdiction of the Juvenile Court;

3. Reunification with Plaintiff's father was not viable due to the neglect and abandonment;

4. It was not in the best interest of Plaintiff to return to Guatemala.

*Id*.

27. On October 2, 2024, Plaintiff submitted an I-360 to USCIS. Ex. 4.

28. On October 3, 2024, Plaintiff turned twenty-one years old. Ex. 3. On January 21, 2025, USCIS issued a request for evidence, specifically asking for what relief was granted in order to avoid further abuse, abandonment, or neglect. Ex. 6. Plaintiff responded arguing that the granting of the petition for special findings for non-citizen youth was in and of itself relief form further abuse, abandonment, or neglect. Ex. 10. On April 17, 2025, USCIS denied Plaintiff's visa. Ex. 2. In the denial, USCIS stated that, in order to grant a petition for an SIJ visa, the petitioner must show an order from a juvenile court which shows that a form of relief has been issued such as a custodial placement or dependency on the court. *Id*. The decision goes on to say that the evidence submitted does not show the evidence submitted was not directly court ordered. *Id*.

29. In May of 2019, Plaintiff filed an I-290B motion to reopen and reconsider with USCIS.[1]

30. The motion to reopen and reconsider is still pending.

## CAUSES OF ACTION

### 1. FIRST CAUSE OF ACTION: VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

31. Plaintiff incorporates and realleges all the allegations above.

32. The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(27)(J), establishes eligibility for Special Immigrant Juvenile ("SIJ") classification where a state juvenile court has issued an order making the requisite findings regarding abuse, neglect, or abandonment, and determining that it is not in the juvenile's best interest to return to their country of nationality.

---

[1] Although a I-290b was filed with USCIS, Plaintiff has yet to receive a receipt notice from USCIS.

8

33. Implementing regulations at 8 C.F.R. § 204.11(d)(5)(i) require that the petitioner demonstrate "relief from parental abuse, neglect, abandonment, *or a similar basis under State law* granted by the juvenile court." (*emphasis added*). Subsections (A) and (B) identify examples of such relief, including custodial placement, but do not limit relief solely to those examples. The regulation expressly allows "any other similar relief" granted under state law to satisfy this requirement.

34. The regulation's "any other similar relief" clause makes clear that Congress and the Department of Homeland Security intended to defer to the state's determination of what form of relief is appropriate in a given case. There is no statutory or regulatory authority for USCIS to substitute its own judgment for that of the state court on what constitutes meaningful protection from further abuse, abandonment, or neglect under state law.

35. In 2023, the Utah Legislature enacted Utah Code § 80-3-505, creating a Petition for Special Findings for At-Risk Noncitizen Youth. The statute's express purpose is to enable qualifying youth to obtain the state court findings necessary to pursue SIJ status, thereby preventing their return to dangerous circumstances involving abuse, abandonment, or neglect. This statute was enacted as part of Utah's protective framework for vulnerable immigrant youth, reflecting the legislature's recognition that lawful immigration status is itself a form of protection from harm.

36. The Plaintiff filed such a petition in the Third District Juvenile Court in Salt Lake County, Utah, which was granted on September 26, 2024. In its order, the juvenile court expressly found that "[i]f returned to Guatemala, [Plaintiff] would be subject to further neglect, abandonment, or other similar circumstances under state law." Ex. 1, at 2. The court's granting of the petition constituted relief under Utah Code § 80-3-505, as it conferred the legal findings necessary to prevent Plaintiff's forced return to the country where further neglect would occur.

37. By concluding that Plaintiff's juvenile court order did not provide any form of relief under 8 C.F.R. § 204.11(d)(5)(i), USCIS disregarded both the plain language of the regulation and the legislative intent of Utah's statute. The agency improperly substituted its own interpretation of what constitutes relief, rather than accepting the state court's determination as controlling under state law.

38. The statutory requirement that SIJ classification be granted "with the consent of the Secretary of Homeland Security," 8 U.S.C. § 1101(a)(27)(J)(iii), does not empower DHS to redefine or second-guess what constitutes relief from abuse, abandonment, or neglect. Congress expressly delegated that determination to state juvenile courts, whose authority arises under state law. The statute requires that the state court make findings regarding parental abuse, abandonment, or neglect and grant relief under state law; DHS's role is limited to confirming that the petition is bona fide and not sought primarily for immigration benefits. *See* 8 CFR 204.11. Thus, the "consent" function does not authorize DHS to substitute its own judgment for that of a state court as to what constitutes appropriate relief, because that question is governed by state statutes—here, Utah Code § 80-3-505—which explicitly provides that the Petition for Special Findings for At-Risk Noncitizen Child exists for the purpose of preventing further abuse, abandonment, or neglect.

39. The INA leaves determinations of dependency, custody, and the provision of relief to the jurisdiction of state juvenile courts. Plaintiff met all statutory and regulatory requirements for SIJ classification at the time of filing. The denial of her Form I-360 petition was therefore contrary to the INA and must be set aside.

## 2. SECOND CAUSE OF ACTION: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

40. Plaintiff incorporates and realleges all the allegations above.

41. Pursuant to the Administrative Procedure Act, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702.

10

42. Under 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action…found to be arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law."

43. USCIS acted arbitrarily and capriciously by misapplying 8 C.F.R. § 204.11(d)(5)(i), which allows relief to take the form of "any other similar basis under State law." The regulation defers to state courts regarding what constitutes relief from abuse, abandonment, or neglect. Here, Utah law, through Utah Code § 8-3-505, created the Petition for Special Findings for At-Risk Noncitizen Child specifically to provide relief to prevent further neglect, abuse, or abandonment and to facilitate eligibility for SIJ status. The Third District Juvenile Court granted that relief, finding that Plaintiff would be subject to further neglect if returned to El Salvador.

44. By disregarding the legislative intent of the Utah statute and failing to credit the relief granted by the state court, USCIS ignored relevant law and facts, departed from its own policies, and deprived Plaintiff of a meaningful opportunity to respond.

45. Defendant's denial is therefore in clear opposition to the plain language of the APA and applicable regulations. By failing to act in accordance with its own policies and the statutory framework, Defendant's decision constitutes agency action that is arbitrary, capricious, and contrary to law.

**RESERVATION OF RIGHTS**

Plaintiffs reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Assume jurisdiction over this matter.

B. Declare that USCIS's denial of Plaintiff's Form I-360 SIJ petition was unlawful, arbitrary, capricious, and contrary to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

C. Order USCIS to reopen and/or reconsider Plaintiff's Form I-360 SIJ petition and to approve the petition within 30 days of the Court's order.

D. Enjoin USCIS from taking any adverse action based on the denial of Plaintiff's Form I-360 pending the resolution of this action.

E. Award Plaintiff his costs of suit and attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988, and any other applicable law.

F. Grant such other and further relief as this Court deems just and proper to remedy the harms suffered by Plaintiff, including any relief necessary to preserve her immigration status and prevent removal from the United States.

DATED: September 22, 2025

                                                   Respectfully submitted,

                                                   /S/ ALEC S. BRACKEN
                                                 Alec S. Bracken (UT SBN 17178)
                                                 Contigo Law
                                                 P.O. Box 249
                                                 Midvale, UT 84047
                                                 Tel. (801) 676-6548
                                                 Email: alec@contigo.law